The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
*******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The following Industrial Commission forms included in I.C. files 593785 and 652176 are made part of the record:
Form 19, dated 8 July 1996 in I.C. File No. 652176
Form 61, dated 8 July 1996 in I.C. File No. 652176
Form 33, dated 30 July 1996 in I.C. File No. 593785
Form 19, dated 28 November 1995 in I.C. File No. 593785
Form 61, dated 8 July 1996 in I.C. File No. 593785
Form 28B, dated 9 July 1996 in I.C. File 593785
2. Plaintiff was paid temporary total disability benefits from 12 January 1996 to 14 January 1996, and from 29 April 1996 to 5 July 1996.
3. Plaintiff was paid temporary partial disability benefits from 15 January 1996 to 28 April 1996.
4. The parties stipulated a packet of medical records from Dr. Birdsong of Pamlico Orthopedic Associates, P.A. into evidence.
*******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 47 year old female with a 9th grade education. Plaintiff was employed by defendant as a block saw operator at all times relevant to her claim at an average weekly wage of $508.30.
2. In late 1995 plaintiff began feeling discomfort on the back of her left hand without any incident of trauma.
3. On 3 November 1995, plaintiff was initially examined by Dr. Edward L. Birdsong, orthopaedic surgeon of Washington, North Carolina, complaining of a ganglion cyst of the extensor tendon. Dr. Birdsong excised the extensor tendon mass on the on 12 January 1996 and placed plaintiff on light duty for four weeks on 8 February 1996.
4. On 7 March 1996 plaintiff presented again to Dr. Birdsong with a one centimeter cyst approximately 1 and 1-1/2 centimeters proximal from the previous cyst.
5. Plaintiff continued on light duty at four week intervals on 7 March 1996, 4 April 1996 and 5 May 1996. Dr. Birdsong signed additional out of work notes on 3 June 1996 and 2 July 1996 because of plaintiff's complaints regarding the second cyst. On 8 August 1996 Dr. Birdsong released plaintiff to return to work on 9 August 1996 without restrictions. Plaintiff has not returned to Dr. Birdsong or any other physician for further treatment.
6. Defendant accepted the compensability of plaintiff's first ganglion cyst which was noted by Dr. Birdsong on 3 November 1995 and was excised 12 January 1996.
7. The ganglion cyst which developed after the excision of plaintiff's initial ganglion cyst was the result of a genetic condition, and was not caused or significantly contributed to by plaintiff's employment with defendant-employer.
8. Plaintiff was capable of returning to full-time work as a result of the ganglion cyst which defendant accepted as compensable as of 3 June 1996. Plaintiff has sustained no permanent partial impairment as a result of the initial ganglion cyst.
*******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's second ganglion cyst was not caused or significantly contributed to by her employment with defendant-employer, and is therefore not a compensable injury by accident or an occupational disease.
2. Plaintiff is not entitled to additional benefits under the North Carolina Workers' Compensation Act.
*******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for additional benefits is hereby DENIED.
2. Each party shall bear its own costs.
This the 29th day of July 1997.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ LAWRENCE SHUPING DEPUTY COMMISSIONER
S/ ______________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER